635 So.2d 305 (1994)
STATE of Louisiana
v.
Vernon E. FRANCIS, Jr.
No. 93-KA-953.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1994.
*306 John M. Mamoulides, Dist. Atty. and Dorothy A. Pendergast, Asst. Dist. Atty., 24th Judicial Dist., Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant-appellant.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
*307 DUFRESNE, Judge.
The defendant was indicted by a grand jury on March 5, 1992 for the second degree murder of Shannon Cooks in violation of LSA-R.S. 14:30.1. When arraigned on April 2, 1992, the defendant entered a plea of not guilty; and on September 21, 1992, the trial court heard and denied the defendant's motions to suppress statements and identification. The defendant proceeded to trial on January 26, 1993; and at the conclusion of the three-day trial, the jury returned a verdict of guilty as charged by a margin of eleven to one. After denying the defendant's motion for post verdict judgment of acquittal on March 18, 1993, the trial court sentenced the defendant to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence but with credit for time served.

FACTS
On February 23, 1992 at approximately 5:00 p.m., a fight occurred between several males in front of Burger King located on Terry Parkway in Gretna, Louisiana, while a Mardi Gras parade was proceeding down the street. Two of the males, Eddie Hogan and Shannon Cooks were "forced" into Burger King and others followed them inside. As the fight continued, Hogan was knocked to the floor and and Cooks fell on top of him. The defendant then entered the restaurant, drew a pistol from his waistband and fired three shots at Hogan and Cooks. One of the shots struck Cooks in the right buttock and severed his femoral artery causing him to bleed to death. Although the defendant fled after firing the shots, he was later apprehended a few blocks from the restaurant.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in not permitting appellant to cross-examine the state's witnesses concerning their juvenile records.

DISCUSSION
The defendant contends that the trial court erred by denying him the opportunity to cross-examine the state witnesses concerning their juvenile records and thus he was denied his constitutional right to cross-examination.
Initially, it is noted that evidence of juvenile delinquency adjudications is generally not admissible in criminal cases. LSA-C.E. art. 609.1(F). However, in State v. Toledano, 391 So.2d 817, 820 (La.1980), appeal after remand, 408 So.2d 1252 (La.1982), the Louisiana Supreme Court stated that:
The extreme importance and constitutional status of the right to confrontation (which includes the reasonable opportunity to impeach the witness' credibility) requires that any statutory right to confidentiality of juvenile proceedings under these circumstances must yield if the discrediting value of a prior juvenile adjudication is such that its disclosure is essential to a fair trial. [footnote omitted]
Indeed, the Sixth Amendment to the U.S. Constitution guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." The principal interest secured by this right is the right to cross-examine witnesses. State v. Haywood, 491 So.2d 1318 (La.1986). This interest was recognized and articulated by the United States Supreme Court in Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) wherein it held that the right of confrontation is paramount to the state's policy of protecting a juvenile offender. Additionally our State Constitution expressly guarantees a defendant the right to cross-examine adverse witnesses. La. Const. art. 1, § 16.
In Toledano, supra, the Court held that a trial court errs when it denies a defense request for production of a juvenile witness' "rap sheet" during cross-examination without first determining the content of the "rap sheet." The proper procedure, as set forth in Toledano, is that, upon request by defense counsel for specific relevant evidence with possible impeachment value, the trial judge must order submission of the witness' record of juvenile adjudications for an in-camera inspection to determine materiality. The issue then becomes whether the witness' juvenile adjudications have such discrediting value that there exists a reasonable likelihood that evidence of the adjudications would have affected the verdict and thus, *308 must be viewed as evidence favorable to the accused.
In the instant case the trial judge made an in-camera inspection of the rap sheets of the juvenile witnesses and found that "the interest of the state and the juvenile in preserving the confidentiality of juvenile records outweighs any probative value that the rap sheets would have at trial." The judge then indicated that the state did not have to disclose the rap sheets to the defense but ordered the rap sheets to be sealed and placed in the record.
After reviewing the rap sheets and considering all of the facts and circumstances of this case, there is nothing contained in the rap sheets which is of such discrediting value that there is a reasonable possibility it would have affected the verdict. Therefore the trial court did not err in refusing to order production of the rap sheets for the purpose of cross-examination.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
The trial court erred in permitting examination and discharge of jurors out of the presence of appellant.

DISCUSSION
The defendant contends that the trial court erred in permitting the examination and discharge of potential jurors outside the presence of the defendant and that, even absent a contemporaneous objection, the error warrants reversal under State v. Thomas, 128 La. 813, 55 So. 415 (1911).
Because of pretrial publicity, fourteen potential jurors were examined in part at bench conferences from which the defendant was excluded. Of the fourteen potential jurors, three were excused during those conferences. Although present in the courtroom, defense counsel did not make a contemporaneous objection to the defendant's exclusion from the bench conferences.
LSA-C.Cr.P. art. 841(A) provides in pertinent part:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.
The contemporaneous objection rule has two purposes: (1) to put the trial judge on notice of the alleged irregularity so that he may cure the problem and (2) to prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection. State v. Thomas, 427 So.2d 428 (La.1982).
Because defense counsel failed to make a contemporaneous objection as required by LSA-C.Cr.P. art. 841(A), the defendant is precluded from raising this issue on appeal. State v. Sherman, 630 So.2d 321 (La.App. 5th Cir. No. 93-KA-608, 1993).
Moreover, the defendant's reliance on State v. Thomas, 128 La. 813, 55 So. 415 (1911) is misplaced. In Thomas, the court vacated the defendant's conviction because he was not present in court during the examination of a potential juror as required by law notwithstanding his failure to object. However, in the instant case the defendant was present in the courtroom throughout the trial.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
Also assigned as error are any and all errors patent on the face of the record.

DISCUSSION
An error patent review which was conducted in accordance with State v. Williams, 593 So.2d 753 (La.App. 5th Cir. 1992) and LSA-C.Cr.P. art. 920 reveals the following errors.
The trial court failed to wait the required 24-hour delay between the denial of the defendant's motion for post-verdict judgment of acquittal and sentencing as required by LSA-C.Cr.P. art. 873. However, following the denial of the motion, defense counsel responded in the affirmative when the trial court inquired whether he was ready for sentencing. Thus the defendant impliedly waived the delay as allowed under LSA-C.Cr.P. art. 873. See State v. Starks, 549 So.2d 409 (La.App. 5th Cir.1989).

*309 DECREE

For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.