735 So.2d 769 (1999)
STATE of Louisiana
v.
Caroline JEFFERSON.
No. 97-KA-2949.
Court of Appeal of Louisiana, Fourth Circuit.
April 21, 1999.
*770 Richard Ieyoub, Attorney General, Darryl W. Bubrig, Sr., District Attorney, Pointe-a-la-Hache, and Gilbert V. Andry III, Assistant District Attorney, New Orleans, Counsel for State.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, Counsel for Defendant.
Court composed of Judge WILLIAM H. BYRNES, III, Judge CHARLES R. JONES, and Judge Pro Tempore JAMES A. GRAY, II.
BYRNES, Judge.
Caroline Jefferson appeals her conviction of an unauthorized use of a motor vehicle for which she was sentenced to serve six years at hard labor. We affirm.

Statement of the Case
On June 5, 1996, defendant, Caroline Jefferson, Donald Stevenson and Patrick Stevenson were charged by bill of information with illegal possession of stolen things in violation of La. R.S. 14:69. Defendant Jefferson entered a plea of not guilty at her arraignment on July 1, 1996. Discovery and suppression motions were filed by Jefferson on July 9, 1996. A preliminary and suppression hearing was held on September 9, 1996. The trial court found probable cause and denied Jefferson's motion to suppress evidence. Jefferson's motions to suppress identification and confession were determined to be moot. On September 25, 1996, the bill of information *771 was amended to charge Jefferson and her co-defendants with unauthorized use of a motor vehicle of a value in excess of one thousand dollars. The bill of information was amended again on November 19, 1996 to delete "of a value in excess of $1,000.00." On November 20, 1996, after a two-day jury trial, the defendant, Caroline Jefferson, was found guilty as charged. Co-defendant Donald Stevenson was also found guilty as charged. Co-defendant Patrick Stevenson was acquitted. Jefferson filed a motion for new trial on February 5, 1997. The trial court denied Jefferson's motion for new trial on June 2, 1997. On the same day, the trial court sentenced Jefferson to serve six years at hard labor to run concurrent with a sentence in a case in which Jefferson's parole was revoked. She was given credit for time served. The trial court granted Jefferson's motion for appeal. Jefferson filed a motion to reconsider sentence on June 10, 1997, which was subsequently denied.

Statement of the Facts
After midnight on April 25, 1996, Sergeant David Klegin observed a vehicle going southbound in the Jesuit Bend area of Plaquemines Parish. The vehicle, a white Nissan Altima, had a Tennessee license plate. As the officer passed the vehicle, the vehicle slowed down. The officer slowed down from fifty-five miles per hour to thirty-five miles per hour. The white vehicle never passed him. The officer then pulled off the road. When the vehicle passed the officer, the officer got behind the vehicle and checked the vehicle's license plate through the police dispatcher. The officer learned that the vehicle was stolen. Sergeant Klegin requested assistance and state troopers, who were in the area, stopped the white vehicle. There were three occupants in the vehicle: Donald Stevenson was the driver; Caroline Jefferson was in the front passenger seat; and Patrick Stevenson was in the back seat. A rental agreement was found in the glove compartment. However, none of the occupants' names was on the rental agreement or any of the documentation found in the vehicle.
The three subjects were arrested and the vehicle was impounded. Sergeant Klegin spoke with defendant Jefferson at the lockup to determine the ownership of the vehicle. Jefferson told him that she did not own the vehicle. She told the officer that she borrowed the vehicle from a woman who lived in New Orleans East. Jefferson only knew the woman's first name but not her last name, address or telephone number. Sergeant Klegin testified that the vehicle's steering wheel was not defeated, and the occupants had the vehicle's ignition key.
State Trooper Byron Sims testified that he and Trooper Robert Vittitoe were on routine patrol in Plaquemines Parish when they received a request for assistance from Sergeant Klegin. As the troopers passed Sergeant Klegin on Belle Chase Highway, Sergeant Klegin informed them that the vehicle in front of him had been reported stolen. The troopers initiated a traffic stop. They asked the driver of the vehicle to step out of the vehicle and produce his driver's license and vehicle registration. The vehicle was a 1995 Nissan Altima with a Tennessee license plate. The driver produced his driver's license but did not have a vehicle registration. The troopers ran the license plate number through the NCIC and learned that the vehicle was stolen. The driver and two passengers were arrested for possession of stolen property, and the vehicle was impounded.
John Hosty, regional security manager for Budget Rent-A-Car, was notified that the vehicle in question was recovered in Louisiana. He was told to contact the Plaquemines Parish Sheriff's Office to retrieve the vehicle. The vehicle had been leased to a Janet W. Naff on June 29, 1995 at the Nashville, Tennessee airport. The vehicle was to be returned on July 5, 1995. Budget Rent-A-Car reported the vehicle stolen on July 28, 1995, when the vehicle was not returned. The theft was reported to the Nashville Metro Police Department. *772 When Hosty retrieved the vehicle, he observed that the vehicle was in good condition. The steering wheel was not defeated, and there were no broken windows.

Errors Patent
A review of the record for errors patent reveals that the trial court sentenced Jefferson immediately after denying her motion for new trial. Jefferson did not waive her right to a twenty-four delay between the denial of her motion for new trial and sentencing. La.C.Cr.P. article 873. In State v. Augustine, 555 So.2d 1331 (La.1990), the Louisiana Supreme Court held that failure to waive the twenty-four hour delay voided the defendant's sentence if the defendant attacks his sentence, even though the defendant fails to specifically allege this failure as an error on appeal.
However, there are instances where the failure to observe the 24-hour delay is determined not to be reversible error although the sentence is challenged on appeal. In State v. Seals, 95-0305 (La.11/25/96), 684 So.2d 368, certiorari denied by Seals v. Louisiana, 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997), the Louisiana Supreme Court noted that the mandatory nature of the sentence distinguished the case from Augustine, supra, and found that the reversal of the sentence for failure to wait 24 hours between the denial of the motion and imposition of sentence was not warranted in the absence of prejudice. See also State v. Allen, 94-1895 (La.App. 4 Cir. 9/15/95), 661 So.2d 1078, writs denied 95-2557 & 95-2475 (La.2/2/96), 666 So.2d 1087; State v. Diaz, 93-1309 (La.App. 3 Cir.4/6/94), 635 So.2d 499, writ denied 94-1189 (La.9/16/94), 642 So.2d 191; State v. Williams, 97-970 (La. App. 5 Cir. 1/27/98), 708 So.2d 1086.
In State v. Bentley, 97-1552 (La.App. 4 Cir. 10/21/98), 1998 WL 790691, 728 So.2d 405, this court held that any error in failing to observe the 24-hour delay in sentencing after the denial of a motion for new trial did not prejudice a defendant whose original sentence was vacated and he was then found to be a habitual offender. See also State v. Brown, 95-124 (La. App. 5 Cir. 5/30/95), 656 So.2d 1070.
Further, a defendant may implicitly waive the 24-hour waiting period for imposing sentence by announcing his readiness for the sentencing hearing. State v. Steward, 95 1693 (La.App. 1 Cir. 9/27/96), 681 So.2d 1007; State v. George, 570 So.2d 46 (La.App. 5 Cir.1990); State v. Ferrell, 94-702 (La.App. 5 Cir. 5/30/95), 656 So.2d 739, writ denied 95-2360 (La. 4/18/97), 692 So.2d 433. The defendant impliedly waived the required 24-hour delay when defense counsel responded in the affirmative when the trial court inquired whether he was ready for sentencing in State v. Francis, 93-953 (La.App. 5 Cir. 3/16/94), 635 So.2d 305.
In State v. Dickerson, 579 So.2d 472 (La.App. 3 Cir.1991), writ granted in part, 584 So.2d 1140 (La.1991), the defendant challenged his sentence on appeal. The appellate court held that failure to observe the 24-hour delay was not reversible error where over a month passed between conviction and sentence, and a presentence investigation report had been ordered, so that there were no indications that the defendant's sentence was hurriedly imposed without due consideration, and the defendant did not argue or in any way show that he was actually prejudiced. See also State v. Robinson, 463 So.2d 50 (La. App. 5 Cir.1985).
In the present case the minute entry of the November 20, 1996 trial shows that at the same time that Jefferson was convicted, the trial court ordered a presentence investigation that was due on January 20, 1997. Jefferson was convicted on November 20, 1996. Jefferson filed a motion for new trial on February 5, 1997. The trial court denied Jefferson's motion for new trial and sentenced Jefferson on June 2, 1997. Over three months passed between conviction and sentence. There is no indication that the defendant's sentence was hurriedly imposed, and the defendant did not argue or in any way show that she was *773 actually prejudiced. There was a sufficient delay between the date of conviction and the date of sentencing to be harmless error where no prejudice is shown.

Assignment of Error No.1
Caroline Jefferson argues that the trial court erred when it denied her motion for new trial. In her motion, she contends that the state failed to produce sufficient evidence to support her conviction.
La.C.Cr.P. article 851 provides that the trial court should grant the defendant's motion for new trial when "the verdict is contrary to the law and the evidence." The denial of the motion for new trial can be reversed if it is found to be an arbitrary and palpable abuse of the trial court's discretion. State v. Tyler, 342 So.2d 574, 588 (La.1977), cert. denied, Tyler v. Louisiana, 431 U.S. 917, 97 S.Ct. 2180, 53 L.Ed.2d 227 (1977); State v. Clark, 581 So.2d 747, 751-52 (La.App. 4 Cir.1991), writ denied, 590 So.2d 63 (La. 1991). The trial judge is obliged to make an independent assessment of the weight of the evidence as a thirteenth juror when a defendant moves for a new trial on the ground that the verdict is contrary to the law and the evidence in accordance with La.C.Cr.P. art. 851(1). State v. Guy, 95-0899 (La.App. 4 Cir. 1/31/96), 669 So.2d 517, writ denied, 96-0388 (La.9/13/96), 679 So.2d 102. In the present case there is nothing in the record to indicate that the trial judge failed to apply the proper standard in evaluating the weight of the evidence or abused his discretion in denying the defendant's motion for a new trial.
La. R.S. 14:68.4 defines unauthorized use of a motor vehicle as "the intentional taking or using of a motor vehicle which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently." Jefferson contends that the state did not produce sufficient evidence to show that she intentionally took or used a motor vehicle that belonged to another person. Jefferson suggests that there was nothing in the vehicle which would indicate to her that the vehicle was stolen. Jefferson relies upon the case of State, In the Interest of O.B., 559 So.2d 31 (La.App. 4 Cir.1990), in support of her argument. In that case, the defendant, a juvenile, was arrested for unauthorized use of a movable. The defendant was arrested after the vehicle in which he was a passenger was determined to be stolen. The defendant testified that he accepted a ride from the driver and did not know the vehicle was stolen. Sitting in the back seat, the defendant saw a key in the ignition and could not see that the steering wheel had been defeated. This court reversed the defendant's conviction finding that the defendant's presence in the vehicle was insufficient to convict him of unauthorized use of a movable.
However, the present case involves a very different factual situation. In O.B., the defendant was simply a passenger in the vehicle. In the present case Jefferson was not simply a passenger. Jefferson is the person who obtained the vehicle from an unknown person for her own personal use. Jefferson told Sergeant Klegin that she borrowed the vehicle from some woman who lived in New Orleans East. Jefferson only knew the woman's first name, but did not know the woman's last name, address or telephone number. The trier of fact could conclude that such a story was suspicious and indicative of criminal knowledge and/or intent. Further, Jefferson also knew or should have known that the vehicle did not belong to her friend from whom she allegedly borrowed the vehicle. The rental agreement was in the vehicle. The rental agreement revealed that the vehicle was owned by Budget Rent-A-Car and leased to a Janet Naff. In addition, the state produced evidence to show that the vehicle had in fact been stolen. Mr. Hosty stated that the vehicle was owned by Budget Rent-A-Car and had been leased to a Janet Naff in June of 1995. When the vehicle was not returned in July of 1995, the vehicle was reported as stolen.
*774 As the weight of the evidence supports a finding of guilty, the trial court did not abuse its discretion when it denied Jefferson's motion for new trial.
This assignment is without merit.

Assignment of Error No.2
Jefferson contends that the sentence imposed by the trial court is unconstitutionally excessive. Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992). The trial court has great discretion in sentencing within the statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). La.C.Cr.P. art. 894.1 sets forth sentencing guidelines to be followed so that the trial judge can tailor the sentence to the particular defendant and his particular crime; but, it is not necessary that the judge recite all of the factors in Article 894.1 as long as there is evidence in the record that the judge considered the factors and tailored the sentence to fit the defendant and his crime. State v. Welch, 550 So.2d 265 (La. App. 4 Cir.1989), writ denied by State ex rel. Welch v. State, 94-0437 (La.6/21/96), 675 So.2d 1071.
In the present case the defendant argues that the trial court failed to take into account the mitigating circumstance that Jefferson was pregnant, although appellate counsel quoted the trial court as saying the defendant was "due any day." The record shows that the trial court was aware of the defendant's pregnancy and took it into account. The trial court stated: "The court notes that she is currently pregnant and is due any day."
The trial court carefully reviewed Jefferson's presentence investigation report and referred to the fact that Jefferson's parole was revoked in a previous matter. The trial court noted that Jefferson had a lengthy juvenile arrest record which did not show the dispositions of the cases because of the juvenile's age.
The trial court reviewed Jefferson's prior adult convictions. In 1988 in Gretna, Jefferson was convicted of theft between $100 and $500 with a sentence of one year. In May 1988 in New Orleans, Jefferson pleaded guilty to another theft between $100 and $500, and she was sentenced to six months. In September 1988 in New Orleans, Jefferson was also sentenced to seven months for another theft between $100 and $500. In November 1990 in New Orleans, Jefferson was convicted of possession with intent to distribute cocaine, and was sentenced to eight years in the Department of Corrections. The trial court referred to other arrests and a conviction for possession of stolen property. The trial court stated that "because of the lengthy arrest record that spans from 1977 to 1996, ... a substantial sentence is called for."
The defendant has not proved and the record does not show that under the facts of this case, the trial court abused its sentencing discretion in sentencing the defendant to six years at hard labor running concurrent with the case in which her parole was revoked, and with credit for time served.
This assignment of error is without merit.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.