839 So.2d 203 (2003)
STATE of Louisiana
v.
Donald STEVENSON.
No. 2002-KA-1152.
Court of Appeal of Louisiana, Fourth Circuit.
January 22, 2003.
*204 Richard P. Ieyoub, Attorney General, Darryl W. Bubrig, Sr., District Attorney, Belle Chasse, LA, and Gilbert V. Andry IV, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Brad Parker, Tulane Law School, Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MAX N. TOBIAS JR., Judge DAVID S. GORBATY.
DAVID S. GORBATY, Judge.
On June 5, 1996, defendants Donald Stevenson, Caroline Jefferson, and Patrick Stevenson were charged by bill of information with illegal possession of stolen things in violation of La. R.S. 14:69. Defendant Stevenson entered a plea of not guilty at his arraignment on July 1, 1996. Discovery and suppression motions were filed by Stevenson and the other defendants. On July 9, 1996, following a hearing, the trial court found probable cause and denied Stevenson's motion to suppress evidence. Prior to trial, the bill of information was amended to charge the defendants with unauthorized use of a motor vehicle. On November 20, 1996, after a two-day jury trial Donald Stevenson and Caroline Jefferson were found guilty as charged. Co-defendant Patrick Stevenson was acquitted.
Stevenson's motion for new trial was denied on May 22, 1997. On July 11, 1997, the trial court sentenced Stevenson to eight years in the custody of the Department of Corrections, with credit for time served. No motion for appeal was filed. Stevenson sought review by application for post-conviction relief and on November 16, 2001, the Louisiana Supreme Court ordered the district court to grant Stevenson an out-of-time appeal. State ex rel. Stevenson v. State, 2000-2776 (La.11/16/01), 801 So.2d 1069.
FACTS
The facts were reported by this court in State v. Jefferson, pp. 2-4, 97-2949 (La. App. 4 Cir. 4/21/99), 735 So.2d 769, 770-772, as follows:
After midnight on April 25, 1996, Sergeant David Klegin observed a vehicle going southbound in the Jesuit Bend area of Plaquemines Parish. The vehicle, a white Nissan Altima, had a Tennessee license plate. As the officer passed the vehicle, the vehicle slowed down. The officer slowed down from fifty-five miles per hour to thirty-five miles per hour. The white vehicle never passed him. The officer then pulled off the road. When the vehicle passed the officer, the officer got behind the vehicle and checked the vehicle's license plate through the police dispatcher. The officer learned that the vehicle was stolen. Sergeant Klegin requested assistance and state troopers, who were in the area, stopped the white vehicle. There were three occupants in the vehicle: Donald Stevenson was the driver; Caroline Jefferson was in the front passenger seat; and Patrick Stevenson was in the back seat. A rental agreement was found in the glove compartment. However, none of the occupants' names was on the rental agreement or any of the documentation found in the vehicle.
The three subjects were arrested and the vehicle was impounded. Sergeant Klegin spoke with defendant Jefferson at the lockup to determine the ownership of the vehicle. Jefferson told him *205 that she did not own the vehicle. She told the officer that she borrowed the vehicle from a woman who lived in New Orleans East. Jefferson only knew the woman's first name but not her last name, address or telephone number. Sergeant Klegin testified that the vehicle's steering wheel was not defeated, and the occupants had the vehicle's ignition key.
State Trooper Byron Sims testified that he and Trooper Robert Vittitoe were on routine patrol in Plaquemines Parish when they received a request for assistance from Sergeant Klegin. As the troopers passed Sergeant Klegin on Belle Chase Highway, Sergeant Klegin informed them that the vehicle in front of him had been reported stolen. The troopers initiated a traffic stop. They asked the driver of the vehicle to step out of the vehicle and produce his driver's license and vehicle registration. The vehicle was a 1995 Nissan Altima with a Tennessee license plate. The driver produced his driver's license but did not have a vehicle registration. The troopers ran the license plate number through the NCIC and learned that the vehicle was stolen. The driver and two passengers were arrested for possession of stolen property, and the vehicle was impounded.
John Hosty, regional security manager for Budget Rent-A-Car, was notified that the vehicle in question was recovered in Louisiana. He was told to contact the Plaquemines Parish Sheriff's Office to retrieve the vehicle. The vehicle had been leased to a Janet W. Naff on June 29, 1995 at the Nashville, Tennessee airport. The vehicle was to be returned on July 5, 1995. Budget Rent-A-Car reported the vehicle stolen on July 28, 1995, when the vehicle was not returned. The theft was reported to the Nashville Metro Police Department. When Hosty retrieved the vehicle, he observed that the vehicle was in good condition. The steering wheel was not defeated, and there were no broken windows.
ERRORS PATENT
A review of the record for errors patent reveals none.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the evidence was insufficient to support the verdict. In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987). When the conviction is based on circumstantial evidence, La. R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Langford, 483 So.2d 979 (La.1986).
The State had the burden to prove the elements of the crime of unauthorized use of a motor vehicle. La. R.S. 14:68.4 provides:
Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently.
The Supreme Court has expressly construed unauthorized use of a movable as "requiring a showing of mens rea or criminal intent ..." State v. Bias, 400 So.2d 650 at 652-53 (La.1981).

*206 In State In Interest of H.N, 97-0982 (La.App. 4 Cir. 7/8/98), 717 So.2d 666, three juvenile defendants were adjudicated delinquent on a charge of unauthorized use of a movable. The arresting officer had received a call of shots being fired from a red Mazda RX7 and, after observing the automobile, he gave chase. The pursuit ended when the car hit a curb and all four occupants fled on foot. The three juvenile defendants were apprehended but the driver escaped. When inspected, the car had no damage to the steering column, but the motor was running even though there was no key in the ignition.
The juveniles testified that when they entered the vehicle they saw nothing to indicate the car was stolen, and that they panicked and fled the vehicle after the driver told them to run because the car was stolen. This court reversed the convictions finding that there was no evidence that the defendants took or used the vehicle with the knowledge that it was stolen, saying:
Here the defendants denied knowing that the Mazda was stolen when they accepted the ride. There was no evidence of forced entry. There was no broken glass in the interior of the vehicle or damage to the steering column. There was a key in the ignition when the defendants entered the car. The defendants testified that they fled because they panicked.
Id. 97-0982, p. 4-5, 717 So.2d at 668. See also State in the Interest of O.B., 559 So.2d 31 (La.App. 4 Cir.1990), distinguished in State v. Jefferson, 735 So.2d at 773.
The present case presents an even stronger basis for reversal than in State In Interest of H.N., supra. Notably, there was no attempt to elude the police by fleeing, and Trooper Sims testified that the occupants cooperated with the investigation. Furthermore, there was nothing to indicate to an occupant that the car was stolen. Accordingly, the evidence failed to establish that the defendant took or used the vehicle with the knowledge that it was stolen.
The case can be distinguished from that of the co-defendant, Caroline Jefferson, whose conviction was previously affirmed. Jefferson was the person who "obtained the vehicle from an unknown person for her own personal use." Her statement was that she borrowed the vehicle from a woman whose last name, address or telephone number she did not know. This court found that "(t)he trier of fact could conclude that such a story was suspicious and indicative of criminal knowledge and/or intent." State v. Jefferson, p. 7, 97-2949 (La.App. 4 Cir. 4/21/99), 735 So.2d at 773. Here, by contrast, the state elicited no evidence that Stevenson was aware of the circumstances by which Jefferson obtained the car. We find that this argument has merit. As such, we need not address defendant's remaining assignments of error.
CONCLUSION
Accordingly, for the foregoing reasons, the conviction and sentence are reversed.
REVERSED.