STATE OF LOUISIANA
v.
FLOYD C. WATTIGNY.
No. 08-257.
Court of Appeals of Louisiana, Third Circuit.
December 3, 2008.
NOT FOR PUBLICATION
WILLIAM E. TILLEY, District Attorney, TERRY W. LAMBRIGHT, Assistant District Attorney, Counsel for Appellee: State of Louisiana.
MARK O. FOSTER, Louisiana Appellate Project, Counsel for Defendant-Appellant: Floyd C. Wattigny.
Court composed of COOKS, PAINTER and ROY, pro tem, Judges.
COOKS[, Judge.
Defendant, Floyd C. Wattigny, took a four-wheeler belonging to Steve Wilson without Wilson's permission. Defendant then drove the four-wheeler into the foundation or supports of an air-conditioning unit, causing damage to the air-conditioning unit in the amount of $1,000 and damage to the four-wheeler.
Defendant was subsequently charged by bills of information with unauthorized use of a motor vehicle, a violation of La.R.S. 14:68.4; two counts of simple criminal damage to property over $500, violations of La.R.S. 14:56; possession of a motor vehicle or a motor vehicle part from which the manufacturer's number or any other distinguishing mark has been removed, a violation of La.R.S. 14:207; reckless operation of a motor vehicle, a violation of La.R.S. 14:99; and operating a vehicle while his license was suspended, a violation of La.R.S. 32:415. Defendant was arraigned and entered pleas of not guilty.
Eventually, Defendant withdrew his former pleas of not guilty and entered pleas of guilty to unauthorized use of a motor vehicle and simple criminal damage to property. The remaining charges were dismissed. Defendant was sentenced to serve seven years at hard labor and pay a fine of $1,000 plus costs of court for unauthorized use of a motor vehicle and was sentenced to serve two years at hard labor and pay costs of court for simple criminal damage to property. The trial court ordered that the sentences were to be served concurrently. A Motion to Reconsider Sentence was filed and subsequently denied.
Defendant filed this appeal, asserting as his lone assignment of error that his sentences are excessive.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find the minutes of the guilty plea proceeding require correction.
The minutes of the guilty plea proceeding indicate Defendant pled guilty to unauthorized use of a movable in docket number 72775, but the transcript reveals that the Defendant pled guilty to unauthorized use of a motor vehicle, the offense charged in the bill of information. Thus, the district court is ordered to amend the guilty plea minutes to correctly reflect that Defendant pled guilty to unauthorized use of a motor vehicle.

ASSIGNMENT OF ERROR
In his only assignment of error, Defendant contends the sentences imposed by the trial court were cruel, unusual, and excessive. Defendant contends he received maximum or near maximum sentences and there was no evidence that the offenses at issue were the worst offenses or that he is the worst offender. Defendant additionally contends there is little or no evidence that the trial court reviewed the mitigating factors listed in La.Code Crim.P. art. 894.1. Defendant argues his actions did not cause serious bodily harm and he did not contemplate the consequences of his actions. Defendant asserts the trial court failed to give the appropriate consideration to the fact that he was gainfully employed and supported his family, which includes three children.
The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. "`[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" State v. Dorthey, 623 So.2d 1276, 1280 (La.1993) (quoting State v. Sepulvado, 367 So.2d 762, 764 (La.1979)). Nevertheless, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. State v. Pyke, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. "Maximum sentences are reserved for the most serious violations and the worst offenders." State v. Farhood, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
State v. Davenport, 07-254, pp. 3-4 (La.App. 3 Cir. 10/3/07), 967 So.2d 563, 565.
The sentencing range for unauthorized use of a motor vehicle is zero to ten years and the Defendant received a sentence of seven years for that offense. La.R.S. 14:68.4. The sentencing range for simple criminal damage to property over $500 is zero to two years and the Defendant received the maximum sentence of two years for that offense. La.R.S. 14:56.
The trial court set forth the following reasons for the imposition of the above sentences:
All right, sir. I considered the factors of Article 894.1 of the Code of Criminal Procedure and found the following were applicable. First, there was economic harm caused to the victims in this case. Next, there are no substantial grounds which would tend to excuse or justify his criminal conduct nor did he act under strong provocation by any victims. He's thirty-six years of age. He's married and has three children. He is in good health. He has worked primarily as a construction worker and a painter. He has an eleventh grade education. He has a history of, of drug and alcohol use and abuse and has not received treatment. According to the information in the letters, he has been drug free or clean for a period of time since these offenses have occurred and his arrest on these offenses. He has a history of criminal activity in that he's classified as a fourth felony offender and therefore is not eligible for probation in these cases. The report indicates that on February 28th, 1994 in the 24th Judicial District Court in Gretna, Louisiana he was convicted of simple burglary and given probation. On September the 8th, 1993 in the same court he was convicted of distribution of cocaine and given a probated sentence. January 8th, 2003 in the 24th Judicial District Court he was convicted of aggravated burglary and given a ten-year sentence and on August the 23rd, 2007 in the 10th Judicial District Court he was convicted of felony grade worthless checks, eight counts, and given three years probation and there apparently is a, a revocation proceeding that's on hold in that case pending the outcome of this case.
In State v. Joseph, 05-368 (La.App. 5 Cir. 1/17/06), 921 So.2d 1060, the defendant was convicted of unauthorized use of a motor vehicle for stealing a sport utility vehicle. The defendant was sentenced to serve seven years at hard labor. The court found the defendant's sentence was not excessive, as the defendant had previously been convicted of possession of cocaine and his probation for that offense had been revoked; the defendant had several misdemeanor convictions for flight from an officer, resisting an officer, entry on property after being forbidden, and illegal possession of stolen things; the defendant had prior arrests that did not lead to convictions; and the Department of Public Safety and Corrections recommended that the trial court impose the maximum sentence based on defendant's reckless endangerment of several members of the community.
In State v. Jefferson, 97-2949 (La.App. 4 Cir. 4/21/99), 735 So.2d 769, the defendant was convicted of unauthorized use of a motor vehicle for stealing a rental car. The defendant was sentenced to serve six years at hard labor. The court found the sentence, which was ordered to run concurrently with a case in which the defendant's parole had been revoked, was not an abuse of discretion. Although the defendant was pregnant, the pre-sentence investigation report indicated the defendant had a lengthy juvenile arrest record and had numerous adult convictions for theft, possession with intent to distribute cocaine, and possession of stolen property.
In State v. Trahan, 608 So.2d 679 (La.App. 3 Cir.1992), the defendant stole a car and wrecked it. The defendant pled guilty to simple burglary and simple criminal damage to property. He was sentenced to serve four years at hard labor for simple burglary and two years at hard labor for simple criminal damage to property, to be served concurrently with each other, but consecutively with any other sentence to which he was then subject. This court found the sentences were not excessive even though each sentence exceeded the maximum sentence in the appropriate grid cell and the criminal damage sentence greatly exceeded the sentencing range. This court considered the fact that the trial court stated it had looked at the pre-sentence investigation report and criminal history of the defendant and took into consideration the loss to the victim, as well as the benefits the defendant received from the plea bargain.
We find the trial court properly considered Defendant's personal and criminal history and complied with the mandates of La.Code Crim.P. art. 894.1. Furthermore, "there is no requirement that specific mitigating factors be given any particular weight by the sentencing court. State v. Dunn, 30-767, p. 2 (La.App. 2 Cir. 6/24/98); 715 So.2d 641, 643." State v. Bey, 03-277, pp. 10-11 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268, 1275. Based on the cases cited herein, the fact that Defendant is a fourth felony offender, and several offenses were dismissed at the time the Defendant entered his guilty plea, we cannot say Defendant's sentences of seven years at hard labor for unauthorized use of a motor vehicle and two years at hard labor for simple criminal damage to property are excessive.

DECREE
For the foregoing reasons, Defendant's sentences are affirmed and the district court is ordered to amend the guilty plea minutes to correctly reflect that Defendant pled guilty to unauthorized use of a motor vehicle.
AFFIRMED.