559 So.2d 31 (1990)
STATE of Louisiana in the Interest of O.B. and W.L.
No. 89-CA 0867.
Court of Appeals of Louisiana, Fourth Circuit.
March 14, 1990.
*32 David R. Katner, Supervising Atty., Michael A. Giambelluca, Nancy J. Heck, Student Atty., New Orleans, for appellant.
Before BYRNES, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
Appellants, two juveniles, were adjudicated delinquent after the trial judge found them guilty of unauthorized use of a movable, a violation of LSA-R.S. 14:68. We reverse the juvenile court judgment.
On January 22, 1989, appellant, O.B. and another juvenile accepted a ride in a 1984 Camaro driven by an adult male named Randolph. Appellant, W.L. was a passenger in the front seat with Randolph. O.B. and the other juvenile sat in the rear seat. The Camaro was stolen the day before from its owner, Shawn Gagliano, in Jefferson Parish. Randolph told the three minors that he was going to the eastbank of the river to return the car to his cousin. While driving near the St. Thomas Housing Project on the eastbank, Randolph passed a marked police car, accelerated and then ran a stop light. The police vehicle made a U-turn to follow the Camaro and a chase ensued. After turning a corner at high speed the Camaro came to a stop when it crashed into a parked car. One of the officers in the police car apprehended W.L. when he attempted to flee. Two other officers who had been called for assistance found O.B. hiding in the hedges in a fenced-in yard several blocks away. They apprehended him and brought him back to the crash site where the other police officers identified him.
Appellants raise two assignments of error. They argue: 1) LSA-R.S. 14:68 is constitutionally infirm as it fails to require mens rea; and 2) there was insufficient evidence to support a conviction of unauthorized use of a movable.
As to appellants' first assignment of error, the Supreme Court expressly stated, "we construe the present statute proscribing unauthorized use of a movable as requiring a showing of mens rea or criminal intent ..." State v. Bias, 400 So.2d 650 at 652-53 (La.1981).
In reviewing for sufficiency of the evidence, the appellate court must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The crime of which the appellants were convicted is defined as follows:
Sec. 68. Unauthorized use of a movable
Unauthorized use of a movable is the intentional taking or use of a movable which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an immovable, according to the law pertaining to civil matters, is immaterial.
Specifically, the unauthorized use of a movable requires a misappropriation or taking by the culprit. State in the Interest of Batiste, 367 So.2d 784 (La.1979).
At trial the state offered the testimony of the arresting officers and Gagliano. Officer Sean Carrigan testified that he and his partner were on patrol around the St. Thomas Housing Project area when they saw the Camaro run a stop light at the corner of Annunication and Felicity Streets. He testified they pursued the car at high speed for several blocks until it crashed into a parked vehicle. Carrigan testified that four males exited the car and fled in different directions. According to Carrigan's testimony, he grabbed the driver of the vehicle, W.L., and his partner chased two of the others who had run down Chippewa Street. He stated that he had a good look at O.B. as he ran passed him and broadcasted his description over the police radio when he called for assistance.
*33 Officer Gerald Young, Sr. also testified. He initially testified that he thought the adult was the driver of the Camaro. After reviewing the police report at trial, contradicting Carrigan's testimony, Young testified he was certain that neither W.L. nor O.B. was driving the Camaro at the time. Young stated that he had identified O.B. as one of the males who had fled the vehicle when the two other officers had brought him back to the scene. He testified they suspected the car was stolen when they saw that the left side of the steering column had been broken. When he ran a complete check on the vehicle's identification, they learned the car was stolen from Jefferson Parish. Officer Young stated there was a key in the ignition but it was not a car key.
Gagliano testified that when his car was stolen it was in perfect condition except that the horn cover on the steering wheel was missing. He stated that the broken pieces of the steering column on the floor by the driver's seat when the car was found would not have been visible by one seated in the front passenger seat or seated in the rear, nor would the broken steering column be visible except to the driver.
O.B. testified in his own behalf. He stated that he and a friend had visited his brother in Harvey and were on their way to catch a bus back to the eastbank when Randolph stopped and offered them a ride. O.B. testified that he recognized Randolph from several years earlier so he accepted the offer. According to him, W.L. was riding in the front passenger seat and pulled the seat forward so he and his friend could get in the back seat. O.B. stated that he sat in the rear passenger side seat and when the police followed them Randolph accelerated and refused to stop. He testified that he fled after the car crashed because he was afraid. At the time he was on probation for a prior offense and thought his probation would be revoked if caught. O.B. testified that he had no idea the car was stolen when he accepted the ride. He said he saw a set of keys in the ignition and could not see the broken steering column or its broken pieces beneath the driver. In addition, O.B. stated he had not seen nanaoipn in two years, dui naa no reason to doubt him when the adult driver told him the car belonged to his cousin.
In reviewing the record in this case we find there is insufficient evidence to support a finding beyond a reasonable doubt that either O.B. or W.L. committed the crime of unauthorized use of a movable. Aside from the inference which could be drawn from O.B.'s and W.L.'s presence in the stolen vehicle, the state provided insufficient evidence to prove that O.B. and/or W.L. took or used the vehicle with the knowledge that it was stolen.
Based on the evidence before us, we conclude that the juvenile court was clearly in error in finding beyond a reasonable doubt that O.B. and W.L. committed unauthorized use of the movable. Accordingly, the judgment of the juvenile court adjudicating O.B. and W.L. delinquent is reversed.
REVERSED.