630 So.2d 909 (1993)
STATE of Louisiana in the Interest of A.G. and R.N.
No. 93-CA-1171.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1993.
Clarence L. Richardson, Jr., Orleans Indigent Defender Program, New Orleans, for A.G. and R.N.
Harry F. Connick, Dist. Atty., Susan M. Erlanger, Asst. Dist. Atty., New Orleans, for State of La.
Before BYRNES and JONES, JJ., and DIXON, J. Pro Tem.
JOHN A. DIXON, Jr., Judge, Pro Tem.
On January 22, 1993 A.G. and R.N., sixteen-year-old boys, were charged by petition in the juvenile court for Orleans Parish with attempted simple burglary, a violation of La. R.S. 14:27 and 14:62. Following trial on March 2, 1993, they were found delinquent as a result of committing attempted simple burglary. On April 27, 1993 the Judge committed A.G. to the Department of Public Safety and Corrections for no more than three years and six months; R.N. was committed for no more than three years.
The juvenile defendants appeal, arguing that the evidence was insufficient for a finding of guilt.
At the trial, Officer Stovall testified that he was driving on Barracks Street when he saw two boys standing near a parked 1987 Taurus. As he approached, the boys saw him. One of them "placed an unknown object under his right sleeve. They looked (at Stovall) nervously and then proceeded to walk away".
*910 The officer further testified: "At that time, I stopped the two subjects. And as I stopped them I patted them down. As I patted them down, I felt what I felt to be a screwdriver inside his right forearm section, and called another officer (who did not testify) to come over and help me."
Stovall then testified that when the other policeman arrived, he "relocated back to the car to see if I could find out to see if anything was done to the car, in reference to the screwdriver". Stovall found scratches on the window and "like little bitty pry marks from the rubber". He then arrested the boys for attempted auto theft.
The owner of the automobile, a local lawyer, was notified by the police the next morning. He was the first witness to testify at the trial. He testified that the car had not been broken into: "although we do have the cellular phone on the seat...."
There then followed questions from the judge to the lawyer-witness.
Q: "Was there any damage, or any sign that somebody tried to pry the window or anything like that?"
A: "No, sir."
Q: "So, no kind of entry or attempted entry?"
A: "No, sir. I mean, just from what the police officer ..."
He was interrupted, and the court announced that the officer himself would testify.
The only other witness was the arresting officer. Neither he nor any other person mentioned the cellular phone again. There is no evidence that it was visible when the boys were near the car, no evidence of any damage to the car, and no evidence that the defendants performed any act "tending directly toward the accomplishing of" any crime.
The defendants argue that the evidence was insufficient to justify finding them guilty of attempted simple burglary. For the court to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition. La.Ch.C. art. 883. That burden of proof standard is no less strenuous than the proof standard required in a criminal proceeding against an adult. State in Interest of G.M., 617 So.2d 219, 221 (La.App. 5th Cir.1993).
The standard for appellate review of the sufficiency of evidence to support a conviction was set forth in State v. Heck, 560 So.2d 611, 614-615 (La.App. 4th Cir.), writ denied 566 So.2d 395 (La.1990):
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 [61 L.Ed.2d 560] (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Where the conviction is based upon circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Langford, 483 So.2d 979 (La.1986).
The only evidence of intent in this case is circumstantial. To be sufficient to find the defendants guilty, the circumstantial evidence must exclude every reasonable hypothesis of innocence, and must be specific.
In the instant case, the defendants were convicted of attempted simple burglary. La. R.S. 14:62 defines simple burglary as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein ..." An attempt to commit a crime is defined by La.R.S. 14:27 as:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Specific intent to commit a crime is an element of an attempted offense. State v. Bonck, 613 So.2d 1125, 1129 (La.App. 5th Cir.), writ denied 620 So.2d 840 (La.1993). To convict for an attempted offense, there must be sufficient proof that the offender *911 actually desired to cause the proscribed criminal consequences to follow his act or failure to act and that the offender committed or omitted an act for the purpose and tending directly toward the accomplishing of his object. La.R.S. 14:10. Specific intent is a state of mind and, as such, need not be proven as a fact but may be inferred from the circumstances and action of the accused. State v. Graham, 420 So.2d 1126 (La.1982).
Mere preparation to commit a crime is not sufficient to constitute an attempt. La.R.S. 14:27(B).
Specific intent is not the only element of an attempt crime. There must be an overt act by the defendant tending directly toward the accomplishing of his object. R.S. 14:27, Reporter's Comment.
Here there was no evidence of an act by the defendants tending directly toward a burglary.
They stood close to the car.
As the policeman approached them, the boys saw him.
One of the boys stuck something in his sleeve.
They looked nervously at the policeman.
They proceeded to walk away, whereupon they were arrested.
There is no evidence of any other act or omission by the boys.
Even if the defendants intended to burglarize the car, which was not proved, they abandoned the effort when they saw the policeman.
Accordingly, defendants' adjudications of delinquency based on violation of La.R.S. 14:62 and 14:27, attempted simple burglary, and their commitments to the Department of Public Safety and Corrections are reversed.
REVERSED.