1 iBARRY, Judge.

CERTIORARI GRANTED

Relator was charged with possession of stolen things valued at $500 or more. La. R.S. 14:69. The state amended the bill of information and relator pled guilty to unauthorized use of a movable valued over $1000 (La.R.S. 14:68). Relator seeks review of the district court’s denial of his application for post conviction relief. We grant certiorari, vacate the guilty plea, and remand.

Facts

Fredene Hughes testified at the preliminary examination for relator’s co-defendant, Godfrey Edinburg. Hughes said she loaned her ear to her boyfriend, who (without her consent) gave the car to someone named Godfrey. Hughes obtained Godfrey’s name and phone number from her boyfriend’s father. She called Godfrey to ask him to return the car, Godfrey demanded $80, and they arranged the exchange. Hughes informed the police and they stopped the vehicle in St. Bernard Parish. Edinburg was driving and relator |2was the passenger. Hughes said she did not know or speak to relator and her testimony did not implicate relator.
The police report corroborates Hughes’ testimony. Edinburg and relator were arrested and charged with possession of stolen property valued $500 or more.
Relator pled guilty to the reduced charge of unauthorized use of a movable valued over $1000. He was sentenced to eighteen months imprisonment. Relator’s probation in an unrelated offense was revoked and he is serving that sentence. Relator filed for post conviction relief alleging that his counsel was ineffective because he recommended a guilty plea without investigating the evidence.
This Court ordered an evidentiary hearing on relator’s application. Relator testified that his attorney advised him to plead guilty to avoid a prison sentence. He denied knowing the ear was taken without permission. Relator testified Edinburg asked him to take a ride shortly before the police stopped them. Relator said Edinburg told him the car belonged to a friend and relator was unaware the car was taken without authorization. Relator testified he would not have pled guilty but for counsel’s advise.
Relator’s attorney testified that a preliminary examination was conducted and probable cause was found. Counsel said he advised relator to plead guilty based on (unspecified) testimony at the preliminary examination and based on his concern that relator would be adjudicated a multiple offender if convicted. Relator was on probation in Orleans Parish.
The record shows that a preliminary examination was not held for relator and relator did not testify at the preliminary hearing for Edinburg. The district court found no probable cause at Godfrey Edinburg’s preliminary examination.
*1236 13ReIator’s application for post conviction relief was denied. Reasons for judgment state that counsel advised relator to plead guilty to avoid more serious drug charges and the possibility of being multiple billed.

Ineffective Assistance of Counsel

To show ineffective assistance of counsel, relator must show counsel’s performance was deficient and that deficiency caused prejudice. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice, relator must show a reasonable probability that, but for counsel’s unprofessional error, the result of the proceeding would have been different. State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4th Cir.1986).
That two-part standard is applicable to an ineffective assistance claim arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel’s advice “was within the range of competence demanded of attorneys in criminal eases.”
Lockhart, 106 S.Ct. at 369, quoting McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).
In McMann v. Richardson, supra, (decided before Strickland) the issue was whether a defendant in federal court may collaterally attack an otherwise valid guilty plea by alleging that plea was motivated by a prior, coerced confession. The Supreme Court characterized the three petitioners’ argument as a claim that they were erroneously advised on the admissibility of their prior confessions and therefore their guilty pleas were unintelligent and voidable. | JMcMann thus considered the range of competence expected by counsel. The Court ultimately held the defendants must demonstrate gross error by counsel in recommending the plea.
Whether a court would retrospectively consider counsel’s advice right or wrong is not the determining factor. McMann recognized that “the decision to plead guilty before the evidence is in frequently involves the making of difficult judgments,” 90 S.Ct. at 1448, including a judgment on the weight of the state’s case.
Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court’s judgment might be on given facts.
Id. at 1448.
“(F)or the most part, [the matter] should be left to the good sense and discretion of the trial courts.... ” McMann v. Richardson, 90 S.Ct. at 1449.
Some considerations for advisability of a guilty plea are the prospect of a plea bargain, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the defendant. Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).
While we recognize there is no requirement that an attorney’s advice withstand retrospective scrutiny, the record does not support the recommendation that relator plead guilty. The evidence against relator is scant.
After the guilty plea the prosecutor made a “factual statement” for the record, to which the defense stipulated:
The victim’s boyfriend ... met the two defendants. The ... boyfriend owed money to the defendants for a separate transaction that had occurred between them. They held the car belonging to the girlfriend, thinking |<⅜ belonged to the boyfriend and then contacted the victim and said that they would return the car in exchange for the money that was owed in this transaction. The victim contacted the St. Bernard Parish Sheriffs Office and had the good fortune to speak with Officer Dee Wallace. Officer Wallace ... talked to the defendants over the telephone and was able to make a case against them and get information from them that probably no other police officer would have gotten. The defendants were then charged with *1237 unauthorized use of the vehicle. She talked them into bringing the car into St. Bernard Parish where they were arrested....
However, the police report and the victim’s testimony do not implicate relator (other than placing him in the vehicle). There was no preliminary examination of relator and no probable cause was found as to his co-defendant. Hughes testified at Edinburg’s preliminary exam and the police report indicates that Hughes did not know or speak to relator. Relator testified he was an unwitting passenger in the car and did not know it was taken without authorization. Relator’s only connection was that he was a passenger in the car. The inference which might be drawn from relator’s presence in the vehicle is insufficient to sustain a conviction for unauthorized possession of a movable. State in the Interest of O.B., 559 So.2d 31, 33 (La.App. 4th Cir.1990). Moreover, relator was already on probation and faced probation revocation in Orleans Parish if he were convicted of a felony, and a guilty plea likely would have resulted in imprisonment. Under those circumstances, relator’s guilty plea was not intelligently and voluntarily made.
To satisfy the prejudice element under Strickland relator must show there is a reasonable probability that, but for counsel’s error, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, supra, ^suggests the defendant’s testimony is insufficient to prove he would not have pled guilty.
(W)here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error “prejudiced” the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the “prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.... (T)hese predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the “idiosyncrasies of the particular decisionmaker.” ...
Hill v. Lockhart, 106 S.Ct. at 370-371 [citations omitted].
Relator claims his attorney failed to investigate the facts and erroneously advised him as to probation. Considering the total lack of evidence against relator and State in the Interest of O.B., supra, it is reasonably probable that defendant would have been acquitted. Thus, the prejudice element of Strickland is satisfied.
The judgment is reversed, relator’s guilty plea is vacated, and the matter remanded for further proceedings.

REVERSED; GUILTY PLEA VACATED; REMANDED.