717 So.2d 666 (1998)
STATE of Louisiana in the Interest of H.N., L.C., T.B.
No. 97-CA-0982.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1998.
*667 Clarence L. Richardson, Jr., Orleans Indigent Defender Program, New Orleans, for Appellants.
Before BARRY, KLEES and LANDRIEU, JJ.
BARRY, Judge.
The defendants, H.N., L.C., and T.B., juveniles, were found guilty of violation of La. R.S. 14:68, unauthorized use of a movable and adjudicated delinquent children. The trial court committed H.N. and L.C. to the Department of Public Safety and Corrections for no more than two and a half years; T.B. was committed for no more than two years, suspended, and placed on active probation for two years.
The juveniles appeal and argue that the evidence is insufficient to support the adjudications.
In order for a court to adjudicate a child delinquent the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. La. Ch.C. art. 883. The burden of proof is no less strenuous than the proof standard required in an adult criminal proceeding. State in Interest of A.G., 630 So.2d 909 (La. App. 4th Cir.1993).
The State had the burden to prove the elements of the crime of unauthorized use of a movable. La. R.S. 14:68 provides:
Unauthorized use of a moveable is the intentional taking or use of a movable which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an immovable, according to the law pertaining to civil matters, is immaterial.
The unauthorized use of a movable requires a misappropriation or taking by the culprit. State in the Interest of Batiste, 367 So.2d 784 (La.1979).
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987); State v. Heck, 560 So.2d 611 (La.App. 4th Cir.), writ denied 566 So.2d 395 (La. 1990). When the conviction is based on circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Langford, 483 So.2d 979 (La.1986).
Sgt. Ribet testified that at approximately 1:45 p.m. on September 23, 1996 he was on routine patrol in East New Orleans when he received a radio report of gunshots being fired from a red RX7 Mazda automobile. He saw a vehicle which fit the description and followed it with his patrol car lights flashing and siren sounding. The pursuit ended when the Mazda hit a street curb and four males jumped out and fled on foot. The three *668 passengers, the defendants, were apprehended and arrested, but the driver escaped. Officer Ribet ran a license plate check on the Mazda and discovered it was stolen. The officer inspected the car and found no damage to the steering column but noted that the car's motor was running even though there was no key in the ignition.
Hoang Nguyen testified that his 1986 red RX7 Mazda car was stolen from his residence on September 23, 1996, sometime after he left at 8:00 a.m. for work. He said his car was locked and he denied giving anyone permission to drive the car. When Nguyen got his car back later that night, he noticed that the muffler and under carriage were damaged and that something was lodged in the vehicle's ignition switch which prevented insertion of the ignition key. He further stated that the car was worth more than $1,000.00.
H.N. testified that he skipped classes, left school early and was walking to a service station when a guy in a red Mazda RX7 whom he knew from the neighborhood offered him and his two friends a ride. He said that he did not know the car was stolen. The steering wheel was intact, there was no broken glass, and there was a key in the ignition. He was seated between the driver and the passenger. He was inside the car about five minutes. The driver jumped out while the car was still moving and told the passengers to run because the car was stolen. H.N. panicked, exited the car, fell to the ground, got up, walked away and was stopped by police.
T.B. testified that he did not know the car was stolen because nothing was broken and there was a key in the ignition. He was sitting in the middle. The driver jumped out and told them to run. He got out, walked away, and was stopped by police.
L.C. testified that he did not know the car was stolen. He was sitting on the passenger side and stopped the car after the driver jumped out. He could not open his door because the lock was broken. He got out, ran, was chased by police officers, and arrested.
In State In Interest of O.B., 559 So.2d 31 (La.App. 4th Cir.1990) the two juvenile defendants were adjudicated delinquent on a charge of unauthorized use of a movable. The defendants accepted a ride from an acquaintance and did not know the car was stolen until it was stopped by police. The defendants testified (as did the defendants in this case) that when they entered the vehicle they saw nothing to indicate the car was stolen because a key was in the ignition. The defendants in that case also panicked and fled the scene when the police stopped the stolen vehicle.
This Court reversed the adjudications in State In Interest of O. B., 559 So.2d at 33, and declared:
Aside from the inference which could be drawn from O.B.'s and W.L.'s presence in the stolen vehicle, the state provided insufficient evidence to prove that O.B. and/or W.L. took or used the vehicle with the knowledge that it was stolen.
Here the defendants denied knowing that the Mazda was stolen when they accepted the ride. There was no evidence of forced entry. There was no broken glass in the interior of the vehicle or damage to the steering column. There was a key in the ignition when the defendants entered the car. The defendants testified that they fled because they panicked.
The State failed to prove beyond a reasonable doubt the elements of unauthorized use of a movable. The adjudications and dispositions of H.N., L.C., and T.B. are reversed.
REVERSED.