830 So.2d 341 (2002)
STATE of Louisiana
v.
Shedrick COLEMAN.
No. 2002-KA-1487.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 2002.
Harry F. Connick, District Attorney, Juliet Clark, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Defendant/Appellant.
(Court composed of Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER, Judge TERRI F. LOVE).
Judge STEVEN R. PLOTKIN.
The issues in this appeal are whether the evidence was sufficient to support the conviction for attempted unauthorized use of a motor vehicle and whether the Department of Corrections is holding the defendant under the wrong charge. For the reasons below, we affirm and remand for a sentence correction.
PROCEDURAL HISTORY
The defendant, Shedrick Coleman, was charged by bill of information filed on December 21, 2001, with unauthorized use of a motor vehicle, in violation of La. R.S. 14:68.4.[1] At his arraignment he pled not guilty. A trial on February 5, 2002 resulted in a mistrial. After trial on March 12, 2002 a six-member jury found the defendant guilty of attempted unauthorized use of a motor vehicle. He was sentenced to serve two years at hard labor under La. R.S. 15:574.5, the About Face Program. *342 His motion for reconsideration of sentence was denied, and his motion for an appeal was granted.
STATEMENT OF FACTS
At trial only one witness testified. Mr. George Young, the Director of the Salvation Army men's emergency shelter, testified that he hired the defendant as a van driver for the Christmas season. The defendant's job consisted of following a pre-set route to drop off and pick up the kettle workers who collect donations; he would then return the van to the Salvation Army building. He was not authorized to let anyone else drive the vehicle. The defendant began working on November 16, 2001, while he was living at the Salvation Army shelter. On November 17, 2001, the defendant completed his morning route dropping the kettle workers off, but he did not return to pick them up. The defendant had a cell phone so that he could keep in touch with the office, but he did not call, and Mr. Young could not get in touch with him by telephone. Early in December 2001 the defendant called the Salvation Army from jail to say that the van had been stolen from him.
On December 6, 2001, the Salvation Army van was found near the St. Bernard Project. Mr. Young and Major McGinnnis, his boss, went to the site to meet the police and recover the van. The police were not there but a man, who refused to identify himself, reported finding the van's registration on the ground near the vehicle and told Mr. Young that he was the person who notified him of the van's location. The 2001 fifteen-passenger Dodge van had been extensively damaged; the repair costs were estimated at $8,000.
ERRORS PATENT
A review of the record shows no errors patent.
ASSIGNMENT OF ERROR 1
In his first assignment of error the defendant argues that the evidence presented at trial is insufficient to support the conviction, specifically because the State did not prove fraudulent intent on his part.
This Court set out the well-settled standard for reviewing convictions for sufficiency of the evidence in State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green; supra. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, *343 such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
98-0011 at pp. 13-14, 744 So.2d at 106-107, quoting State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 227-228.
La. R.S. 14:68.4 defines unauthorized use of a motor vehicle as "the intentional taking or using of a motor vehicle which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently." The defendant maintains that the State must prove that the defendant "harbored fraudulent intent." However, the statute provides that the State can prove either an intentional taking "without the owner's consent or by means of fraudulent conduct." (Emphasis added).
Mr. Young's testimony at trial indicates that the defendant had authority to drive the van along a certain route at a certain time so as to drop off and pick up the Salvation Army workers. He did not have authority to use the van for his own purposes. Moreover, he was given a cell phone to use in emergencies. He diverted the van from its proper use, did not complete his route, and did not take the van back to the Salvation Army officer. Furthermore, he did not call his office to report any problem until after he was incarcerated. Obviously, the reasonable inference is that the defendant attempted to use the van belonging to the Salvation Army without its consent and for his own purposes after he received possession of it. The evidence supports the jury's guilty verdict. This assignment is without merit.
ASSIGNMENT OF ERROR 2
The defendant's second assignment of error relates to an error in the commitment form. That document states that the defendant was convicted of attempted theft in violation of La. R.S. 14:27(67). The commitment form must be corrected to show that the defendant's conviction was for attempted unauthorized use of a motor vehicle in violation of La. R.S. 14:27(68.4).
CONCLUSION
For the foregoing reasons, we find that there was sufficient evidence to support defendant's conviction for attempted unauthorized use of a motor vehicle. Since there was an error in the commitment form, the trial court is ordered to correct the form as directed and to notify this Court within thirty days of compliance with this order.
Therefore, the defendant's conviction and sentence are affirmed. The case is remanded to correct the commitment form.
AFFIRMED AND AMENDED.
NOTES
[1] The defendant was originally charged with theft of a van valued at $500 or more. The bill of information was amended on February 2, 2002, to reflect the current charge.