EDWIN A. LOMBARD, Judge.
IgC.B., a minor, appeals the judgment rendered by the Juvenile Court for the Parish of Orleans, adjudicating him delinquent for the offense of Unauthorized use of a Motor Vehicle, La.Rev.Stat. § 14:68.4. For the reasons set forth below, we reverse.
FACTUAL AND PROCEDURAL BACKGROUND
On April 27, 2009, defendant, C.B., was arrested and detained at approximately 9:00 a.m. on the 5200 block of St. Claude Ave. in the Parish of Orleans. On April 28, 2009, a petition alleging one count of violation of La.Rev.Stat. § 14:68.4, Unauthorized use of a Motor Vehicle, was filed against C.B. in the Juvenile Court for the Parish of Orleans. An adjudication hearing was held in this matter on May 27, 2009, of which there is a complete transcript in the record. The State presented testimony from Officer John Blatcher of the New Orleans Police Department as well as testimony from Larry Glass, the victim. C.B. testified on his own behalf, but called no witnesses.

|sTestimony of Officer Blatcher

Officer Blatcher testified that, sometime after 7:00 a.m. on April 27, 2009, he responded to a dispatch call to investigate an automobile theft at a convenience store located at 5104 St. Claude Ave. in New Orleans. Officer Blatcher began obtaining information from Larry Glass, the victim. Mr. Glass informed him that his vehicle, a Krispy Kreme delivery van (2003 Chevrolet Astro), had been stolen at approximately 5:30 or 6:00 a.m. from this location. Officer Blatcher testified that while he was speaking with Mr. Glass, the van pulled up, with two individuals inside: an adult male and C.B. Officer Blatcher stated that as he approached the van, the adult male attempted to flee but was apprehended, and C.B. remained in the van. Both C.B. and the adult male (later identified as Earl Benson) were arrested. Officer Blatcher testified that there was no damage to the van’s steering column and that the keys were in the ignition.

Testimony of Larry Glass

Mr. Glass, a driver for Krispy Kreme Doughnuts, testified that on the morning of April 27, 2009, at approximately 5:30 a.m., he made a delivery to a convenience store at 5104 St. Claude Avenue. He stated that he left the van running and went inside to make his delivery. After a few moments, he returned to find that the van was gone. Mr. Glass did not see the persons) who took the van. Mr. Glass reported the incident, and Officer Blatcher arrived to investigate.
At approximately 9:10 a.m., while speaking with Officer Blatcher on the scene, Mr. Glass said he observed his van pull into the parking lot of a business next door to where the van was stolen. At that time, he observed the driver of the van, an adult male (Earl Benson) standing outside the vehicle. The adult male jumped back into the van, but as Officer Blatcher approached, he exited the van |4and fled. Mr. Benson was soon apprehended. Mr. Glass stated that there was no damage to the van’s steering column, and that the keys were in the ignition.

Testimony of C.B.

C.B. testified that he arrived at a convenience store on St. Claude Ave. He stated that while in the store, Mr. Benson, *527 whom he had known from the neighborhood, asked him for a few dollars to go to court. C.B. testified that Mr. Benson was wearing a black Krispy Kreme shirt while in the store. Thereafter, C.B. and Mr. Benson left the store and got into the van. C.B. testified that he asked who the van belonged to, and that Mr. Benson said it was his work van. After C.B. got in the van, Mr. Glass approached and indicated that the van was his. C.B. testified that he was sitting in the passenger seat of the van when Officer Blatcher placed him between the front seats to put handcuffs on him.
C.B. testified that he did not know the van was stolen. He testified that Mr. Benson told him that the van in question was his work van. C.B. believed Mr. Benson because he was wearing a black Krispy Kreme shirt while in the store and in the van. He stated that there was no damage to the van’s steering column, and that the keys were in the ignition.
At the conclusion of the hearing, C.B. was adjudicated delinquent of unauthorized use of a motor vehicle. On July 1, 2009, a disposition hearing was held, and C.B. was committed to the Department of Public Safety and Corrections for one year. Execution of the commitment was suspended, and C.B. was placed on probation. C.B.’s timely appeal followed.
| ¡¡ASSIGNMENT OF ERROR
The sole assignment of error by C.B., appellant, is that there was an insufficiency of evidence to adjudicate C.B. delinquent of La.Rev.Stat. § 14:68.4, Unauthorized use of a Motor Vehicle.
STANDARD OF REVIEW
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This Jackson standard has been held to be the clear standard of review for Louisiana appellate courts by the Louisiana Supreme Court. State v. Brown, 2003-0897 (La.4/12/05), 907 So.2d 1, 18. It specifically requires that the appellate court must determine that the evidence was sufficient to convince a rational trier of fact “that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Neal, 2000-0674 (La.6/29/01), 796 So.2d 649, 657 (citing State v. Captville, 1982-2206 (La.2/27/84), 448 So.2d 676, 678). Said standard of review is applicable to juvenile delinquency cases. State in the Interest of T.E., 2000-1810 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417.
LAW AND ANALYSIS
La. R.S. 14:68.4(A) defines Unauthorized use of a Motor Vehicle as follows:
Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently.
The Louisiana Supreme Court has held that a conviction for unauthorized use of a movable as “requiring a showing of mens rea or criminal intent.” State v. Bias, 1981-0287 (La.6/22/81), 400 So.2d 650, 652-3. This can be construed to require the existence of “fraudulent intent.” Id, at 652. In State v. Coleman, 2002-1487 (La.App. 4 Cir. 10/9/02), 830 So.2d 341, this Court found that the elements of La.Rev. Stat. § 14:68.4 are established if the State proves that a defendant knowingly used a motor vehicle without the owner’s consent.
*528 In order to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. La. Ch.Code art. 888. The standard for the State’s burden of proof in a juvenile delinquency proceeding is “no less strenuous then the standard of proof required in a criminal proceeding against an adult.” State in the Interest of A.G., 1993-1171 (La.App. 4 Cir. 12/30/93), 630 So.2d 909, 910. When a conviction is based on circumstantial evidence, La.Rev.Stat. § 15:438 provides that such evidence “must exclude every reasonable hypothesis of innocence.” State v. Langford, 1985-1067 (La.2/24/86), 483 So.2d 979, 983; State v. Thomas, 2002-1523, p. 4 (La.App. 4 Cir. 2/5/03), 840 So.2d 25, 28.
C.B. argues that the evidence presented at his adjudication hearing was insufficient to sustain a determination of delinquency for unauthorized use of a motor vehicle. In particular, C.B. argues that the State did not prove the necessary mens rea or criminal intent to sustain such adjudication. C.B. relies upon State v. Stevenson, 2002-1152 (La.App. 4 Cir 1/22/03), 839 So.2d 203, 206, in which this Court reversed a conviction for unauthorized use of a motor vehicle where “the evidence failed to establish that the defendant took or used the vehicle with the knowledge that it was stolen.” The defendant was the driver of a rental vehicle that was fraudulently obtained by another passenger. The defendant did not attempt to elude the police, and there was no broken glass, no damage to the |7steering column, and no evidence of forced entry that could have made defendant aware of the circumstances by which the passenger obtained the car.
C.B. further relies on State in the Interest of H.N., L.C., T.B., 1997-0982 (La.App. 4 Cir. 7/8/98) 717 So.2d 666, in which this Court reversed delinquency findings for unauthorized use of a motor vehicle where the juvenile defendants denied knowing that the car in question was stolen when they accepted a ride. This Court noted that there was no forced entry into the vehicle, no damaged steering column, and further noted that the keys were in the ignition.
The State asks that this Court to accept the credibility determination of the trier of fact to uphold the adjudication. The trier of fact, in this case the juvenile court judge, is charged with making credibility determinations. State v. Woods, 2000-2712, p. 6 (La.App. 4 Cir. 11/9/00), 828 So.2d 6, 10; State v. Brumfield, 1993-2404 (La.App. 4 Cir. 6/15/94), 639 So.2d 312, 316. It is also the trier of fact’s duty to weigh the evidence. The trier of fact may accept or reject testimony, in whole or in part. State v. Silman, 95-0154 (La.11/27/95), 663 So.2d 27, 35.
CONCLUSION
In this matter, Officer John Blatcher and Mr. Glass testified that they saw the stolen van pull up to the adjacent business from where it was taken, with C.B. and Mr. Benson inside the van. It is undisputed that Mr. Benson was wearing a black Krispy Kreme shirt that he had obtained from the van. C.B. states that Mr. Benson was wearing said shirt when he asked C.B. for a few dollars. The trier of fact may have believed Officer Blatcher and Mr. Glass that they witnessed the van pull up with Mr. Benson and C.B. inside. Nevertheless, such a determination does not establish the necessary mens rea or “fraudulent intent” required to sustain a conviction under La.Rev.Stat. § 14:68.4.
[ sThis Court reversed the adjudications in State in the Interest of O.B., 1989-0867 (La.App. 4 Cir. 3/14/90), 559 So.2d 31, 33, and declared:
*529 Aside from the inference which could be drawn from O.B. and W.L’s presence in the stolen vehicle, the state provided insufficient evidence to prove that O.B. and/or W.L took or used the vehicle with the knowledge that it was stolen.
In O.B., this Court determined that the juveniles who fled the vehicle in question after the high speed chase “accepted a ride from an acquaintance and did not know the car was stolen until it was stopped by the police.” Id., at 33. This Court further determined that the juveniles, seated in the back seat, could not see the broken steering column or glass pieces in the driver’s seat floor.
Similarly, the State produced no evidence that C.B. knew that the vehicle was stolen. The mere inference of wrongful conduct by C.B.’s presence in the van does not, beyond a reasonable doubt, create the necessary mens rea or criminal intent required to be convicted or adjudicated delinquent under La.Rev.Stat. § 14:68.4. Mr. Benson was wearing a black Krispy Kreme shirt while in possession of the Krispy Kreme van and while talking to C.B. The steering column on the vehicle was unharmed. The keys were in the ignition, and there was no visible sign of forced entry that would have led C.B., the passenger, to believe that the vehicle was stolen. In previous Unauthorized use of motor vehicle cases, this Court has consistently considered such circumstances as indicative of a defendant’s lack of knowledge that the vehicle in question had been stolen.
The State merely elicited evidence that C.B. was in the van with Mr. Benson when it arrived. Such a determination does not amount to the State proving beyond a reasonable doubt that C.B. “knowingly used the motor vehicle without the owner’s consent,” as required by State v. Coleman, supra. The State elicited |9no evidence that a rational trier of fact could conclude that C.B. had the necessary criminal intent beyond a reasonable doubt to be adjudicated delinquent of Unauthorized use of a motor vehicle, as required by State v. Bias, supra.
Accordingly, the determination of the Juvenile Court of the Parish of Orleans, adjudicating C.B. delinquent for violation of La.Rev.Stat. § 14:68.4, unauthorized use of a vehicle, is reversed, and the sentence vacated.
REVERSED.