ROLAND L. BELSOME, Judge.
11 Defendant-Appellant, T.E.,[1] appeals his delinquency adjudication for illegal possession of a handgun by a juvenile. For the reasons that follow, we vacate the adjudication and disposition.
FACTS AND PROCEDURAL HISTORY
New Orleans Police Officer Sean Ogden testified that he was monitoring a surveillance camera at a substation in the Fisher Housing Development in Algiers, Louisiana on April 24, 2011, at 5:23 p.m. At that time, he observed T.E., who was in the back seat of a four-door sedan that was stopped in the 2000 block of Hendee Street. T.E. then stepped out of the vehicle with an object in his right hand and placed the object in his waistband, covering it with his shirt.
Officer Ogden testified that he suspected that T.E. was in possession of a handgun, and proceeded with fellow NOPD Officers Carlos Amador and Harry Parker to the sedan’s location. By this time, T.E. was in front of a house on Hendee Street. Officer Ogden testified that when T.E. observed the officers approaching, he fled. Officer Ogden pursued T.E. in his police vehicle while Officers Amador and Parker pursued T.E. on foot, but the officers were ultimately unable to locate him.
| ?Left with only the surveillance footage, the officers zoomed in on the object in T.E.’s hand and determined that it was a handgun, although Officer Ogden conceded that no make or model number of the alleged handgun could be affirmatively identified. Nevertheless, Officer Parker obtained an arrest warrant for T.E., who was arrested by Officer Ogden at his residence. The surveillance tape was played for the court at the adjudication hearing.
On April 29, 2011, T.E. was charged by delinquency petition with illegal possession of a handgun by a juvenile, a violation of La. R.S. 14:95.8.[2] T.E. denied the offense charged, and the matter was set for trial. *272 After the adjudication hearing on July 18, 2011, T.E. was adjudicated delinquent as charged. The disposition provided that T.E. be placed with the Office of Juvenile Justice for a period not to exceed six months and recommended that T.E. be placed in non-secure placement outside the Parish of Orleans. This appeal followed.
STANDARD OF REVIEW
Juvenile delinquency proceedings are subject to the manifest error or clearly wrong standard of review. In re A.J.F., 2000-0948, p. 26 (La.6/30/00), 764 So.2d 47, 61. This Court has recognized that “[j]u-venile delinquency proceedings do not 13fall within the category of criminal prosecutions, as is evident from long established jurisprudence ... and the special juvenile provisions within the judiciary article of the constitution.” State ex rel. D.R., 2010-0405, p. 6 (La.App. 4 Cir. 10/13/10), 50 So.3d 927, 930 (quoting State in the Interest of Batiste, 367 So.2d 784, 788 (La.1979)). Therefore, “since the constitution does not provide otherwise, the scope of review of this court in juvenile delinquency proceedings extends to both the law and the facts.” Id.
DISCUSSION
T.E. raises two assignments of error for our review. First, T.E. argues that the juvenile court erred in adjudicating him delinquent of illegal possession of a handgun because the evidence adduced at trial was insufficient to sustain an adjudication; second, he argues that the juvenile court erred in imposing a disposition imposing out-of-home placement of T.E. where T.E. was not afforded the opportunity to present evidence regarding whether he was in need of treatment or rehabilitation.
With respect to the first assignment of error, T.E. submits that the State failed to meet its burden and prove beyond a reasonable doubt[3] that the object in his possession was, in fact, a handgun. Although Officer Ogden testified that he believed the object was a handgun because T.E. put the object in his waistband area, placed his shirt over it, and tightened his belt, Officer Ogden admitted that he could not identify a make or model of the handgun that T.E. allegedly possessed. |4No other evidence was introduced to establish that the object was a handgun, and notably, no handgun was ever actually recovered from T.E.
La. R.S. 14:95.8, the statute relative to illegal possession of a handgun by a juvenile, provides that “[f]or the purposes of this Section ‘handgun’ means a firearm as defined in [La.] R.S. 14:37.2, provided however, that the barrel length shall not exceed twelve inches.” La. R.S. 14:95.8(D). That statute provides, in pertinent part, that “[f]or purposes of this Section, ‘firearm’ is defined as an instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within it.” La. R.S. 14:37.2(B) (emphasis added). We find that the officer’s testimony regarding his observations of T.E.’s mannerisms in the surveillance video while holding the object does not meet this statutory definition of a handgun. Thus, because insufficient evidence was introduced to establish that the object on the surveillance video met the statutory definition of a handgun, the court erred in adjudicating T.E. for illegal possession of a handgun.
Considering the foregoing, the State simply failed to demonstrate that the ob *273 ject in the surveillance video was actually a handgun. Therefore, the court erred in adjudicating T.E. delinquent pursuant to La. R.S. 14:95.8. T.E.’s adjudication and disposition are hereby vacated.[4]
ADJUDICATION AND DISPOSITION VACATED
JONES, C.J., dissents with reasons.

. T.E.'s date of birth is July 5, 1994.

. La. R.S. 14:95.8 provides, in pertinent part:
A. It is unlawful for any person who has not attained the age of seventeen years knowingly to possess any handgun on his person. Any person possessing any handgun in violation of this Section commits the offense of illegal possession of a handgun by a juvenile.
B. (1) On a first conviction, the offender shall be fined not more than one hundred dollars and imprisoned for not less than ninety days and not more than six months.
(2)On a second conviction, the offender shall be fined not more than five hundred dollars and imprisoned with or without hard labor for not more than two years.
(3) On a third or subsequent conviction, the offender shall be fined not more than one thousand dollars and imprisoned at hard labor for not more than five years.
(4) A juvenile adjudicated delinquent under this Section, having been previously found guilty or adjudicated delinquent for any crime of violence as defined by R.S. 14:2(B), or attempt or conspiracy to commit any such offense, shall upon a first or subsequent conviction be fined not less than five hundred dollars and not more than one thousand dollars and shall be imprisoned with or without hard labor for not less than six months and not more than five years. At least ninety days shall be served without benefit of probation, parole, or suspension of sentence.

. See State ex rel. T.C., 2009-1669, p. 2 (La.App. 4 Cir. 2/16/11), 60 So.3d 1260, 1262 (quoting State in the Interest of G.M., (La.App. 5 Cir. 4/14/93), 617 So.2d 219, 221); State in the Interest of A.G., 630 So.2d 909, 910 (La.App. 4th Cir.12/30/93)(recognizing that "[t]he standard for the State’s burden of proof in a juvenile delinquency proceeding is 'no less strenuous then the standard of proof required in a criminal proceeding against an adult’ ”).

. With regard to T.E.’s second assignment of error, our determination regarding his adjudication and disposition makes this assignment of error moot.