PER CURIAM.
|, Granted. With the present case still in its pre-trial stages, the Fourth Circuit erred in ordering an evidentiary hearing in the district court “on the limited issue of whether evidence that [the state’s witness] asked for money in exchange for her testimony is discoverable under Brady [v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ].” State v. Anderson, 10-1557, p. 2 (La.App. 4th Cir.1/13/11). A trial court must hold a contradictory hearing to resolve a dispute over the scope of pre-trial discovery unless “it appears on the face of the motion that, as a matter of law, the moving party is not entitled to the relief sought.” La.C.Cr.P. art. 729.1(A). Because Brady did not establish a general rule of criminal discov *237 ery, “the Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense.” Kyles v. Whitley, 514 U.S. 419, 436-37, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490 (1995) (citation omitted). For constitutional purposes, it does not matter whether a defendant makes a specific request for favorable evidence, a general request, or no request at all. United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). The present system “does not tax the prosecutor with error for any failure to disclose, absent a further showing of materiality,” Kyles, 514 U.S. at 439, 115 S.Ct. at 1568, and materiality requires a “showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.” Id., 514 U.S. at 435, 115 S.Ct. at 1566 (footnote omitted). To the extent that “a showing that the prosecution knew of an item of favorable evidence unknown to the defense does not amount to a Brady violation, without more,” Kyles, 514 U.S. at 437, 115 S.Ct. at 1567, a prosecutor is accorded “a degree of discretion,” id., 514 U.S. at 437, 115 S.Ct. at 1567, in making the determination during the pretrial stages of a case, in which “the character of a piece of evidence as favorable will often turn on the context of the existing of potential evidentiary record.” Id., 514 U.S. at 439, 115 S.Ct. at 1568. Although “[t]he prudent prosecutor will resolve doubtful questions in favor of disclosure,” United States v. Agurs, 427 U.S. 97, 108, 96 S.Ct. 2392, 2399-2400, 49 L.Ed.2d 342 (1976), in the present case, defendant has not shown that by failing to make disclosure, the prosecutor has “tackfed] too close to the wind,” Kyles, 514 U.S. at 439, 115 S.Ct. at 1568, and that a miscarriage of justice is bound to occur. Bagley, 473 U.S. at 675,105 S.Ct. at 3379-80 (“[The purpose of Brady ] is not to displace the adversary system as the primary means by which truth is uncovered but to ensure that a miscarriage of justice does not occur.”).
The Fourth Circuit’s order is therefore vacated and this case is remanded to the trial court for further proceedings consistent with the views expressed herein.