EDWIN A. LOMBARD, Judge.
|2The juvenile defendant, L.V., appeals his adjudication as a delinquent. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the juvenile court.

Relevant Facts and Procedural History

On September 4, 2010, Eugene Hanson reported his Ford F350 stolen. Later that evening, Officers Tony Burrell and Gernell Taylor of the New Orleans Police Department (NOPD) observed the stolen vehicle in a Rite Aid parking lot at the intersection of Elysian Fields Avenue and Milton Street. The officers, along with three other police units, set up surveillance of the parking lot and, after watching L.V. and two other individuals get into the vehicle and exit the parking lot, followed it down Elysian Fields Avenue. Officers Burrell and Taylor activated the light of their patrol unit as a signal to stop and the stolen truck accelerated. Officer Burrell saw the front seat passenger jump out of the moving vehicle. The driver of the truck then attempted an illegal right turn onto St. Denis Street, but hit a tree. The driver and the rear seat passenger jumped out of the vehicle and began running. Officer Burrell chased the driver down St. Denis Street. When he failed to stop after repeated orders to do so, Officer Burrell electrically stunned the driver |3with a ta-ser gun as he was attempting to climb a fence. The driver, subsequently identified *561 as L.V., was transported to a hospital for treatment of a laceration on his head before being taken to the police station.
Several days later, on September 9, 2010, L.V. was charged by delinquency petition with violations of La.Rev.Stat. 14:68.4, unauthorized use of a motor vehicle, and La.Rev. Stat. 14:108.1(0, aggravated flight from an officer. The adjudication hearing was held on November 29, 2010. Mr. Hanson and Officer Burrell testified on behalf of the State and the juvenile’s fifteen year old sister testified for the defense.
Officer Burrell testified to the events of September 4, 2010, identifying L.V. as the driver of the vehicle he chased and arrested. He conceded on cross-examination that L.V. received a laceration on his head requiring stitches but asserted that the laceration was the result of falling from the fence, not from being beaten with a baton. Officer Burrell stated that the police unit camera was inoperable on the evening of the incident because it had not been properly downloaded by personnel at the police station. He conceded that, although the taser gun automatically shoots high resolution video when engaged, he had not personally insured that the assistant district attorney in this matter received a copy of the taser video in this case. Finally, Officer Burrell admitted that there was an inconsistency in the police report as to the color and type of pants L.V. was wearing on the day of his arrest, but he insisted L.V. was the driver of the stolen vehicle.
Mr. Hanson testified that his truck was stolen from his residence between 4 and 4:30 p.m. on September 4, 2010. He stated that he did not know L.V. and had|4not given him authority to drive his truck. He further stated that examination of the truck after it was recovered indicated that it had been started without a key.
Defense counsel moved for a judgment of acquittal at the close of the State’s case, arguing that the State failed to prove the charges beyond a reasonable doubt because Officer Burrell testified that L.V. was wearing blue shorts and the police report indicated L.V. was wearing tan shorts on the night of the incident. The motion was denied. The sole witness presented by the defense was the juvenile’s sister who testified that the night her brother was arrested, she attended the same party and, shortly after he left the party, someone called and told her he was being chased down the street by the police. She walked outside and saw her brother being “tazed” and beaten by police. She conceded she did not know who was giving the party or how her twelve-year old brother got to the party or planned to get home.
The juvenile court adjudicated L.V. a delinquent as charged on the offense of unauthorized use of a motor vehicle in violation of La.Rev.Stat. 14:68.4 and on the lesser charge of flight from an officer in violation of La.Rev.Stat. 14:108.1. L.V. was placed on active probation for periods of, respectively, one year and six months. This appeal follows.

Assignment of Error 1

The defense first argues that the juvenile was denied due process in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) because the State did not turn over film from the police unit or taser videos. Brady did not, however, establish a general rule of criminal discovery and, accordingly, “the Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense.” Kyles v. Whitley, 514 U.S. 419, 436-437, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (citation omitted); State v. Anderson, 2011-0189 (La.3/4/2011), 56 *562 So.3d 236. Rather, for constitutional purposes, the issue is materiality which requires a “showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.” Kyles, 514 U.S. at 435, 115 S.Ct. 1555. Although, as noted in Anderson, supra, a prudent prosecutor will resolve doubtful questions in favor of disclosure, in the absence of a showing of materiality, there is no sanction for the failure to turn over evidence. In this case, there has been no showing that the taser video or police unit videos will undermine confidence in the verdict. The taser video, taken after the stolen truck was abandoned and at the end of the flight from an officer, clearly could not produce exculpatory evidence related to the charge of flight from an officer. With respect to the unauthorized use offense, to the extent defense counsel suggests that the police unit videos might show someone other than L.V. driving the stolen truck, this is clearly immaterial. He was apprehended jumping out of the stolen truck and does not deny he was in truck and, thus, using it for transportation, so whether his use of the vehicle was as a driver or merely as a passenger does not appear in these circumstances to be material to the issue of whether it was unauthorized. Accordingly, the juvenile’s due process rights were not denied in violation of Brady, supra, and this assignment of error is without merit.

Assignment of Error 2

Next, the defense challenges the sufficiency of the evidence, arguing that the State failed to establish that the truck was owned by Mr. Hanson or that the juvenile had the requisite intent. Pursuant to state and federal jurisprudence, we must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the | f,elements of the crime had been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Brown, 2003-0897, p. 22 (La.4/12/2005), 907 So.2d 1, 18. La.Rev. Stat. 14:68.4 provides in pertinent part that the unauthorized use of a motor vehicle is “the intentional taking or use of a motor vehicle which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently.” La.Rev.Stat. 14:68.4 This a crime against property, not against a person and, as such, the State need not prove that the property belonged to any particular person, only that it belonged to a person or legal entity other than the accused. State v. Dunbar, 2007-0219, p. 6 (La.2/26/2008), 978 So.2d 899, 903.
Viewing the evidence presented at trial, including the officers’ knowledge the truck was stolen, the juvenile’s flight from the police, and that the juvenile was a twelve-year old, unlicensed driver operating a motorized vehicle on a public street, we find the evidence was sufficient to convince a rational trier of fact that the elements of the offense were proved beyond a reasonable doubt. This assignment of error is without merit.

Assignment of Error 3

The defense argues that L.V. was denied his Sixth Amendment right to confront his accusers when the judge allowed Mr. Hanson to testify as to hearsay evidence from a mechanic that his truck had been started without the use of a key. The defense contends that the adjudication must be set aside because this “uncorroborated hearsay” was admitted into evidence over the objections of defense counsel. Even accepting arguendo that the testimony that the truck was started with *563 out a key constitutes inadmissible hearsay evidence, this was trial |7before a juvenile court judge who, by virtue of her training and knowledge of the law is fully capable of disregarding any impropriety. See Jenkins v. Baldwin, 2000-0802, p. 8 (La.App. 4 Cir. 8/29/2001), 801 So.2d 485, 492 (citations omitted). The issue here is not whether the juvenile stole the truck, but whether his use of the truck was unauthorized. A twelve-year old, unlicensed driver operating a motorized vehicle on a public road is presumptively unauthorized and, thus, how the vehicle was started is immaterial. This assignment of error is without merit.

Assignment of Error 4

The defense argues that the adjudication must be set aside because the trial judge refused to instruct herself on the applicable law governing the case, specifically that “although the statute did not specifically set out that it was the state’s burden of proof to establish beyond a reasonable doubt that a defendant be aware that the use of the vehicle was unauthorized, the jurisprudence required intent to be established.” The juvenile court refused the proffer of the proposed instruction, thus hampering our ability to review this assignment of error. On appeal, however, the defense asserts that pursuant to State in the Interest of H.N., 97-0982 (La.App. 4 Cir. 7/8/98), 717 So.2d 666, the statute at issue in this case, La.Rev.Stat. 14:68.4 (unauthorized use of a motorized vehicle) requires knowledge that the motor vehicle is stolen. This is incorrect. That case pertains to La.Rev.Stat. 14:68, unauthorized use of a moveable, as applied to a juvenile in possession of a bicycle that he did not own. Under those circumstances, this court held that a showing of “misappropriation or taking by the culprit” is required. State in the Interest of H.N., 97-0982 at p. 2, 717 So.2d at 667 (citing State in the Interest of Batiste, 367 So.2d 784 (La.1979)) (mere possession of a bicycle was insufficient to prove beyond a reasonable doubt a violation of La.Rev.Stat. 14:68). Clearly, the intent requirement for the statute pertaining to unauthorized use of a bicycle is not automatically applicable to a statute pertaining to unauthorized use of a motorized vehicle and, as such, it does not appear that the instruction offered by the defense was a correct statement of the law. Although the juvenile court erred in not allowing the defense to proffer its proposed instruction, the evidence is sufficient to support the juvenile’s adjudication and, thus, the error appears to be harmless. Accordingly, this assignment of error is without merit.

Assignment of Error 5

Finally, the defense argues that L.V. was denied effective assistance of counsel because trial counsel failed to seek any remedy when the State failed to provide her with a copy of the taser video or videos from other police units on the scene. Trial counsel was charged with being an advocate for the juvenile in the adjudication proceedings, not in a civil rights hearing on whether excessive force was used in his arrest. As discussed, supra, there has been no showing that the videos were material to the offenses charged and, thus, there was no remedy to be sought when the State failed to provide copies of the videos to defense counsel. Accordingly, counsel cannot be held ineffective for failing to seek a non-existent remedy. This assignment of error is without merit.

Conclusion

After review of the record in light of the applicable law and arguments of the par *564 ties, the judgment of the juvenile court is affirmed.
AFFIRMED.